UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN CASTILLO,

       Plaintiff,                                 Hon. Ellen S. Carmody

v.                                                   Case No. 1:17-CV-488

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Income Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties subsequently agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons articulated herein, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

# **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 54 years of age on his alleged disability onset date. (PageID.197). Plaintiff successfully completed high school and worked previously as a fast food worker and a custodian. (PageID.53-54, 65). Plaintiff applied for disability benefits on September 19, 2014, alleging that he had been disabled since July 2, 2012, due to back, neck, and shoulder impairments, high blood pressure, and jaw problems. (PageID.197-205, 217). Plaintiff later amended his alleged disability onset date to September 18, 2014. (PageID.214). Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.99-194).

On February 12, 2016, Plaintiff appeared before ALJ James Prothro with testimony being offered by Plaintiff and a vocational expert. (PageID.59-97). In a written decision dated March 31, 2016, the ALJ determined that Plaintiff was not disabled. (PageID.45-54). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.33-37). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning

---

[1]1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) left shoulder capsulitis (status-post arthroscopic surgery and debridement of the left shoulder in June 2014); (2) a strain of the lumbar and cervical spine; (3) lumbar disc bulges at L4-5 and L5-S1 without stenosis or herniation; and (4) degenerative changes (spurring) of the cervical spine, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.48).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work[2] subject to the limitation that he can only occasionally climb, balance, and push/pull with his non-dominant left upper extremity. (PageID.49). A vocational expert testified that Plaintiff's RFC did not preclude the performance of Plaintiff's past relevant work as a fast food worker. (PageID.88-90). Based upon this testimony, the ALJ found that Plaintiff could perform his past relevant work and was, therefore, not entitled to disability benefits.

I.   **Treating Physician Doctrine**

On December 29, 2014, Plaintiff's treating physician, Dr. Gregory Lawson, completed a Residual Functional Capacity Questionnaire concerning Plaintiff's impairments and

---

[2] Light work involves lifting "no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567. Furthermore, work is considered "light" when it involves "a good deal of walking or standing," defined as "approximately 6 hours of an 8-hour workday." 20 C.F.R. § 404.1567; Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983); *Van Winkle v. Commissioner of Social Security*, 29 Fed. Appx. 353, 357 (6th Cir., Feb. 6, 2002).

ability to function in a work setting. (PageID.346-47). Dr. Lawson reported that Plaintiff was more limited than the ALJ recognized. For example, the doctor reported that during an 8-hour workday, Plaintiff could stand/walk for only one hour and required a sit-stand option. (PageID.346). Dr. Lawson reported that "in a competitive work situation," Plaintiff could lift/carry: (a) 10 pounds occasionally; (b) less than 10 pounds frequently; but (c) never 20 pounds. (PageID.347). The doctor also reported that Plaintiff experiences limitations performing repetitive reaching, handling, or fingering activities. (PageID.347). The ALJ afforded "little weight" to Dr. Lawson's opinions. (PageID.52-53). Plaintiff argues that he is entitled to relief because the ALJ's rationale for discounting Dr. Lawson's opinions is not supported by substantial evidence.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial

medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77.

In support of his decision to discount Dr. Lawson's opinions, the ALJ stated that "the claimant's report of his activities is not consistent with the proposed limitations." (PageID.53). In support of this conclusion, the ALJ cited to a single incident in the record. On October 12, 2015, Plaintiff reported that he was sore after walking his dogs 6-8 blocks. (PageID.402). The ALJ fails to explain how this observation is inconsistent with Dr. Lawson's opinion. If anything, Plaintiff's observation confirms Dr. Lawson's opinion that Plaintiff's ability to stand/walk during an 8-hour workday is more limited that the ALJ recognized.

The ALJ also stated that "[t]he medical evidence of record does not support the proposed limitations." (PageID.53). In support of this conclusion, the ALJ identified a single

7

item in the medical record. Specifically, the ALJ stated that "[i]n October 2014, the claimant had normal strength in all muscle groups of the bilateral upper extremities." (PageID.53). First, the examination cited was not nearly as benign as the ALJ suggests. During this examination, Plaintiff rated the pain in his left shoulder as 6/10 and noted that it was aggravated by physical activity. (PageID.466). This examination also revealed that Plaintiff was experiencing radicular symptoms in his elbow and, moreover, that the range of motion in his left shoulder was limited. (PageID.467). Second, the ALJ's conclusion is simply not supported by the record.

A March 2014 MRI of Plaintiff's shoulder revealed "significant acromioclavicular joint-related impingement of the musculotendinous junction." (PageID.302-03). The following month, Plaintiff was diagnosed with adhesive capsulitis of the left shoulder. (PageID.328-29). On June 10, 2014, Plaintiff underwent arthroscopic surgery to repair his left shoulder. (PageID.338-43). An April 20, 2015 examination of Plaintiff's left shoulder revealed "decreased range of motion, tenderness, pain, spasm and decreased strength." (PageID.434-35). Plaintiff participated in physical therapy the following which improved the range of motion in his left shoulder. (PageID.432). By August 2015, however, the pain in Plaintiff's shoulder had increased and his range of motion had decreased. (PageID.424-25). A September 14, 2015 examination revealed that the pain in Plaintiff's left shoulder had again increased and was interfering with his daily activities. (PageID.518). Plaintiff performed his prescribed home exercises, but such simply worsened his symptoms. (PageID.518).

As for Plaintiff's back impairments, a July 2015 MRI of Plaintiff's lumbar spine revealed: (1) central disc bulges and annular tears at the L4-5 and L5-S1 levels without evidence of disc herniation, spinal stenosis, or compromise of the exiting nerve roots; (2) mild central disc bulge at the L2-3 level without evidence of disc herniation, spinal stenosis, or foraminal narrowing;

and (3) small hemangiomas involving the L2, L3, L4 and L5 vertebral bodies of doubtful clinical significance. (PageID.428-29). Plaintiff was subsequently diagnosed with lumbar spondylosis for which he received a series of pain injections in the fall of 2015. (PageID.501-16).

The ALJ concluded that Plaintiff could perform light work without any limitation with respect to his ability to stand, walk, lift, or carry, within the definition of light work. The medical evidence, however, does not support the ALJ's conclusion that Plaintiff can utilize his left shoulder to this extent in a competitive work environment. Likewise, the medical evidence does not support the ALJ's conclusion that Plaintiff can stand and/or walk for 6 hours of an 8-hour workday. In sum, the ALJ's rationale for discounting Dr. Lawson's opinions is not supported by substantial evidence. In light of the fact that Dr. Lawson's opinions are inconsistent with the ALJ's RFC determination and the ALJ's subsequent conclusion that Plaintiff can still perform his past relevant work, the ALJ's failure is not harmless.

## II. Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not

9

exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Dated: July 3, 2018                            /s/ Ellen S. Carmody  
                                                                 ELLEN S. CARMODY  
                                                                 U.S. Magistrate Judge